UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JIMMY RAY THOMPSON, | ) | 1:07CV2954 |
| | ) | |
| Petitioner | ) | JUDGE SARA LIOI |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| STUART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |


McHARGH, MAG. J.

The petitioner Jimmy Ray Thompson, Jr. ("Thompson") filed a petition pro se for a writ of habeas corpus arising out of his 2005 convictions and sentencing for rape, gross sexual imposition, kidnapping, and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Thompson raises four grounds for relief:

> 1. The petitioner's more than minimum and consecutive sentences violate Blakely v. Washington, 542 U.S. 296 (2004) and is otherwise contrary to law.

> 2. The trial court's ongoing objection to any consideration by the Ohio Adult Parole Authority or parole board to any reduction in sentence or early release or other programs which would allow petitioner to be released into the community is not authorized by law, is a violation of due process and equal protection under the Fourteenth Amendment of the U.S. Constitution and increases the legislated maximum penalty to one of life without parole. The trial court's order also violates the separation of powers as provided in the U.S. and Ohio Constitutions.

3. The indictment violated the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

4. Petitioner's arrest, the seizure and search of his automobile, the statements taken from him and the search of his residence violates the Fourth and Fourteenth Amendments to the Federal Constitution.

([Doc. 1](), at § 12.)

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On July 31, 2004, an Olmsted Falls police officer arrested appellant for operating a vehicle while intoxicated (OVI) after appellant backed his pickup truck into another vehicle. Before the police towed and impounded appellant's truck incidental to his arrest, another police officer took a routine inventory of the vehicle's contents. Police also searched appellant in connection with this arrest. The items found on appellant and in his truck included graphic child pornography, which, according to police, was homemade rather than commercial in nature. Also among the items confiscated from appellant's truck were a baggie of sugared cereal; two empty condom boxes; a Barbie Wish List magazine; crayons and stickers; one pair of girl's underwear; and letters written by young children.

The pornographic images, as well as the sex and child related items, served as the basis for the police obtaining a search warrant for appellant's home. The warrant led to the discovery of thousands of obscene images of children, including videotapes and pictures of appellant engaged in vaginal and anal intercourse with at least one girl under the age of ten.

On October 6, 2004, appellant was indicted for 47 felony counts as follows: 7 counts of rape by force of a child less than 10 years old in violation of [Ohio Rev. Code § ] 2907.02; 8 counts of gross sexual imposition in violation of R.C. 2907.05; 9 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322; 5 counts of kidnapping with a specification of sexual motivation in violation of R.C. 2905.01 and 2941.147; 17 counts of illegal use of minor in

2

nudity-oriented material or performance in violation of R.C. 2907.323; and 1 count of possessing criminal tools in violation of R.C. 2923.24.

Appellant filed a motion to suppress the evidence, which the court denied on February 3, 2005. On March 8, 2005, appellant entered a no contest plea, and the court found him guilty of all 47 counts. On April 21, 2005, the court sentenced appellant to the following: life in prison for rape; 15 months for gross sexual imposition; 6 years for second-degree felony pandering; 9 years for kidnapping; 6 years for illegal use of a minor; 15 months for fourth degree felony pandering; and 10 months for possessing criminal tools. The court ordered both 6-year terms to be served consecutive to the life-in-prison term. All other terms were to run concurrently with one another. Appellant's aggregate sentence is life plus 12 years.

(Doc. 6, RX 12, at 2-4; State v. Thompson, No. 86357, 2006 WL 951447, at *1 (Ohio Ct. App. Apr. 13, 2006).

Thompson filed a timely appeal of his conviction and sentence, raising the following assignments of error:

> 1. The appellant's more than minimum and consecutive sentences violate Blakely v. Washington, (2004) 542 U.S. 296, R.C. 2929.14 and is otherwise contrary to law.
>
> 2. The trial court's ongoing objection to any consideration by the Ohio Adult Parole Authority or Parole Board to any reduction in sentence or early release or other programs which would allow the appellant to be released into the community is not authorized by law, is a violation of due process and equal protection under the Fourteenth Amendment of the U.S. Constitution and increases the legislated maximum penalty to one of life without parole. The trial court's order violates the separations of powers provided by the U.S. and Ohio Constitutions.
>
> 3. The indictment violated the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.
>
> 4. The appellant's arrest, the seizure and search of his automobile, the statements taken from him and the search of his residence violates the Fourth and Fourteenth Amendments of the federal constitution.

(Doc. 6, RX 10.)  The court of appeals affirmed his conviction on Apr. 13, 2006, but remanded the case for re-sentencing consistent with State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006).  (Doc. 6, RX 12, at 4-5; Thompson, 2006 WL 951447, at *2.)  On remand, the trial court re-sentenced Thompson to life plus six years.  (Doc. 6, RX 13, journal entry dated Aug. 31, 2006.)

On Mar. 26, 2007, Thompson filed a motion for leave to file a delayed appeal in the Ohio Supreme Court.  (Doc. 6, RX 14-15.)  In his brief, Thompson set forth the following propositions of law:

> 1. The appellant's more than minimum and consecutive sentences violate Blakely v. Washington (2004), 542 U.S. 296, R.C. 2929.14 and is otherwise contrary to law.
>
> 2. The trial court's ongoing objection to any consideration by the Ohio Adult Parole Authority or parole board to any reduction in sentence or early release or other programs which would allow the appellant to be released into the community is not authorized by law, is a violation of due process and equal protection under the Fourteenth Amendment of the U.S. Constitution and increases the legislated maximum penalty to one of life without parole. The trial court's order violates the separations of powers provided by the U.S. and Ohio Constitutions.
>
> 3. The indictment violated the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.
>
> 4. The appellant's arrest, the seizure and search of his automobile, the statements taken from him and the search of his residence violates the Fourth and Fourteenth Amendments of the Federal Constitution.

(Doc. 6, RX 15.)  On May 16, 2007, the state high court denied leave to file a delayed appeal, and dismissed the appeal.  (Doc. 6, RX 16; State v. Thompson, 113 Ohio St.3d 1511, 866 N.E.2d 510 (2007).)

4

Meanwhile, several days after he filed his motion for a delayed appeal, Thompson also filed a motion in the trial court to withdraw his no contest pleas. (Doc. 6, RX 17.) The motion to withdraw was denied on March 29, 2007. (Doc. 6, RX 18.)

Thompson filed a notice of appeal which was docketed on May 1. (Doc. 6, RX 19.) In his brief, he appealed the denial of the motion to withdraw, presenting a single assignment of error:

> The trial court's failure to grant appellant's motion to withdraw his no contest pleas deprived appellant of his right to a jury trial as guaranteed by the Sixth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

(Doc. 6, RX 20.) The court of appeals dismissed the appeal sua sponte, "for failure to file a timely notice of appeal." (Doc. 6, RX 21.) Thompson filed a motion for reconsideration under Ohio App. R. 26(A). (Doc. 6, RX 22.) The motion was denied on Aug. 7, 2007. (Doc. 6, RX 23.)

On Sept. 27, 2007, Thompson filed this petition for a writ of habeas corpus. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

5

respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Thompson has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by

6

lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition is barred because it was filed after the statute of limitations had expired. (Doc. 6, at 10-12.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

7

However, the beginning of the one-year statute of limitations period is based on the content of the petitioner's claims. Bachman v. Bagley, 487 F.3d 979, 984 (6th Cir. 2007).

### A. Judgment of conviction

The third and fourth grounds of the petition concern the judgment of conviction. The court of appeals affirmed Thompson's conviction in a journal entry dated Apr. 24, 2006. (Doc. 6, RX 12.) Thompson did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). Thus, Thompson's conviction became "final" within the meaning of AEDPA on June 9, 2006. Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accordingly, the statue of limitations for filing his habeas petition would have expired one year later, June 9, 2007.

Thompson filed the motion for leave to file a delayed appeal on March 26, 2007. (Doc. 6, RX 14.) Filing a motion for a delayed appeal tolls the running of a pending, unexpired one-year limitations period, although it will not "revive" the statute, or cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519; Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). Thus, 290 days of the one-year period had already run when the motion was filed, and 75 days remained.

The state high court denied leave to file a delayed appeal on May 16, 2007, thus the limitations period resumed running. (Doc. 6, RX 16.) Thompson did not file his habeas petition until Sept. 27, 2007, 134 days later. Therefore, Thompson failed

to file his habeas petition within the one year limitation period as to these claims, and the third and fourth grounds would be barred as untimely filed.

### B. Re-sentencing

The first two grounds of the petition concern Thompson's sentencing. The one-year limitations period for a claim that challenges a re-sentencing judgment begins on the date that the re-sentencing judgment became final, rather than the date that the original conviction became final. Bachman, 487 F.3d at 982; Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006); Frazier v. Moore, No. 2:05CV1112, 2006 WL 3146436, at *7 (S.D. Ohio Oct.31, 2006), aff'd, 2007 WL 3037256 (6th Cir. Oct. 17, 2007).

On Aug. 31, 2006, Thompson was re-sentenced on remand. (Doc. 6, RX 13.) Under Ohio law, Thompson had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing. Thus, the habeas statute began to run on Oct. 1, 2006. See, e.g., Frazier, 2006 WL 3146436, at *7; Goodballet v. Mack, 266 F.Supp.2d 702, 705 (N.D. Ohio 2003).

As noted earlier, Thompson did not file the motion for leave to file a delayed appeal until March 26, 2007. (Doc. 6, RX 14.) Filing a motion for a delayed appeal tolls the running of the one-year limitations period. DiCenzi, 452 F.3d at 468; Searcy, 246 F.3d at 519. Thus, 176 days of the one-year period had already run when the motion was filed, and 189 days remained.

The state high court denied leave to file a delayed appeal on May 16, 2007, thus the limitations period resumed running. (Doc. 6, RX 16.) The period would have

9

expired 189 days later, on Nov. 21, 2007. Thompson filed his habeas petition on Sept. 27, 2007. Therefore, the claims concerning re-sentencing are not barred by the statute of limitations.

## IV. PROCEDURAL DEFAULT

The respondent also argues that Thompson's claims are procedurally defaulted. (Doc. 6, at 14-20.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state

10

can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Thompson did not file a timely appeal to the Ohio Supreme Court, and the court denied his motion for leave to file a delayed appeal. (Doc. 6, RX 14-16.) The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 431-432 (6th Cir. 2006); Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004). Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims." Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

11

Thompson contends that his failure to file a timely notice of appeal was caused by ineffective assistance of counsel.  (Doc. 9, at 7-8; see also doc. 9, at 4, and doc. 6, RX 15, at 3.)  He claims that he believed that appellate counsel would be filing an appeal to the Ohio Supreme Court.  On Sept. 6, 2006, Thompson learned that appellate counsel had not filed the appeal.  (Doc. 9, at 4.)  He filed a motion for leave to file a delayed appeal on Mar. 26, 2007, almost seven months later.  (Doc. 6, RX 14-15.)

Ineffective assistance of counsel can serve as cause to overcome procedural default.  Smith, 463 F.3d at 432 (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)).  An ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  Deitz, 391 F.3d at 809 (citing Edwards, 529 U.S. at 452).

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals.  Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002) (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Thompson did not raise this issue before the state courts, thus it cannot serve as cause.

Because Thompson has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz, 1998 WL 384559, at *1.

## V. SUMMARY

The petition for a writ of habeas corpus should be denied as untimely filed, as to claims three and four, and procedurally defaulted as to all claims.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:  Oct. 1, 2008                      /s/ Kenneth S. McHargh
                                                                             Kenneth S. McHargh
                                                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).