# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY RAY THOMPSON, JR., | ) | CASE NO. 1:07CV2954 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. (Doc. No. 10.) Petitioner Jimmy Ray Thompson, Jr. (petitioner) has filed objections to the Report. (Doc. No. 13.) Respondent Stuart Hudson (respondent) did not file a response. For the reasons that follow, the Report and Recommendation is **ACCEPTED**. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is **DENIED**.

## I.

## INTRODUCTION

Because petitioner objected only to those portions of the Magistrate Judge's Report and Recommendation addressing the timeliness of his petition and the default of certain claims, the remainder of the Report—including its account of the factual and procedural history of the case—is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for the asserted objections.

Petitioner was indicted by a grand jury on multiple counts of rape, gross sexual imposition, pandering sexually oriented matter involving a minor, kidnapping, illegal use of minor in nudity-oriented performance/material, and possessing criminal tools. The rape and gross sexual imposition charges also carried with them sexually violent predator specifications, and the kidnapping charges were accompanied by both sexual violent predator specifications and sexual motivations. (Doc. No. 6, Ex. 1, Indictment.) The charges stemmed from his alleged repeated sexual abuse of his minor daughter.

At trial, petitioner filed a motion to suppress all of the evidence seized from his truck and home, as well as the statements petitioner made to police. The motion was denied by the trial court, and petitioner changed his plea from "not guilty" to "no contest" as to all of the charges in the indictment. In exchange for his plea, the state withdrew each sexually violent predator specification. (Doc. No. 6, Ex. 7.) The trial judge sentenced petitioner to an aggregate term of life plus twelve years. The court also found that petitioner was a sexual predator. (Doc. No. 6, Ex. 8.)

On direct appeal, petitioner challenged the constitutionality of his more than minimum and consecutive sentences as violating *Blakely v. Washington*, 542 U.S. 296 (2004). He also complained that the trial court erred in refusing to consider early release, that the indictment failed to sufficiently apprise him of the charges, and that the search of his vehicle and residence violated his rights under the Fourth and Fourteenth Amendments. (Doc. No. 6, Ex. 9.) The state court of appeals affirmed petitioner's convictions, but remanded the case for re-sentencing consistent with *State v. Foster*, 109

Ohio St. 3d 1 (2006). (Doc. No. 6, Ex. 12, state appellate decision.) On August 30, 2006, petitioner was re-sentenced to a term of life plus six years. (Doc. No. 6, Ex. 13.)

Petitioner did not take a direct appeal following his re-sentencing. On March 26, 2007, petitioner filed a notice of appeal and a motion for delayed appeal in the Ohio Supreme Court, raising the same four issues he raised in his original direct appeal.[1] (Doc. No. 6, Exs. 14, 15) The state high court denied the motion and dismissed the appeal on May 16, 2007. (Doc. No. 6, Ex. 16.)

The instant petition brought pursuant to 28 U.S.C. § 2254 followed on September 27, 2007. Once again, petitioner raises the same four issues he raised on his initial direct appeal and his delayed appeal to the Ohio Supreme Court. (Doc. No. 1, petition.)

In his Report and Recommendation, the Magistrate Judge determined that petitioner's third ground for relief, relating to the sufficiency of petitioner's indictment, and the fourth ground for relief, addressing the search of petitioner's vehicle and home, were time-barred. (Report, pp. 7-9.) As for the first two grounds for relief, relating to the constitutionality of the sentences and the trial court's refusal to consider early release, the Magistrate Judge concluded that petitioner had procedurally defaulted on them. (*Id*., pp. 9-13.) Ultimately, the Magistrate Judge recommended that the petition be denied. (*Id*., p. 13.)

---

[1] On March 29, 2007, petitioner filed a motion to withdraw his "no contest" pleas, arguing that the pleas were not knowingly or intelligently made because his attorney told him that by pleading "no contest" he would receive a ten year sentence. The motion was denied by the trial court. (Doc. No. 6, Ex. 17.) Petitioner's appeal from the denial of this motion and his motion for reconsideration were denied. (Doc. No. 6, Exs. 19-23.)

## II.

## STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in petitioner's case, this Court has a very limited scope of review. Under § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

The Supreme Court, in *Williams* v. Taylor, 529 U.S. 362, 412-13 (2002), provided the following guidance to district courts applying the two exceptions set forth in § 2254(d)(1):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.

Where a ruling in state court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

## III.

## LAW AND ANALYSIS

### A. Statute of Limitations

In his first objection to the Report, petitioner argues that the Magistrate Judge erred in finding that his third and fourth assignments of error were time-barred. In so objecting, petitioner does not challenge the Magistrate Judge's calculations. Rather, he takes issue with the fact that the Magistrate Judge began to calculate the time in which petitioner had to file his petition from June 9, 2006, the date in which petitioner's convictions became final.[2] Petitioner argues that the Magistrate Judge should have started at the date his new sentence was final.

Under the AEDPA, a one-year period of limitation applies to applications for a writ of habeas corpus. 28 U.S.C. § 2244. Because petitioner sought a direct appeal from his convictions, the limitation period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(A). Using the date that the convictions became

---

[2] Specifically, the Magistrate Judge observed that the state court of appeals affirmed petitioner's convictions in a journal entry dated April 24, 2006, and further noted that because petitioner did not seek timely review of the court of appeal's decision, his convictions became final forty-five days later, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1). (Report, p. 8.)

5

final as his starting point, the Magistrate Judge described in detail his calculations that demonstrated that, with respect to the third and fourth assignments of error, the petition was filed 134 days beyond the one-year period. (Report, p. 8.)

Petitioner complains that the clock should not have started to run on these claims until his sentences were final, following re-sentencing on August 30, 2006. He insists that, for purposes of 28 U.S.C. § 2244(d)(1)(A), the term "final judgment" must always refer to the sentence. (Doc. No. 13, Objections, p. 2 ("Final Judgment in a criminal case means sentence. The sentence is the judgment.").) Petitioner is mistaken.

It is true that if the third and fourth assignments of error challenged the sentence petitioner received at re-sentencing, the clock would have begun to run on these claims 45 days after petitioner was re-sentenced. "The one-year statute of limitation begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment becomes final, rather than the date that the original conviction became final." *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006). Indeed, the Magistrate Judge correctly concluded that the first two assignments of error, which challenged the constitutionality of petitioner's sentence, were timely using the date of the re-sentencing as the start date for the statute of limitations. (*See* Report, p. 10.)

The third and fourth assignments of error, however, challenging the sufficiency of the indictment and the search and seizure leading to his arrest, attacked the underlying convictions and not the sentence received upon re-sentencing. "Sixth Circuit precedent dictates […] that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007). In *Bachman*, the Court found that petitioner's habeas

6

application challenging the constitutionality of his conviction was untimely. In reaching this conclusion, the Sixth Circuit rejected petitioner's argument that the date of the designation of the petitioner as a sexual predator should have restarted the statute of limitations with respect to any claim related to his conviction. The court explained that the designation as a sexual predator started the running of a new statute of limitations period with respect to "challenges to the sexual predator designation *only*."[3] *Id*. at 983 (emphasis in the original.)

As the courts in *Linscott* and *Bachman* instruct, a district court must look to the nature of the claims presented to determine the appropriate start date for the statute of limitations. *See Bachman*, 487 F.3d at 984; *Linscott*, 436 F.3d at 591. *See also DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). *See e.g., Webb v. Bell*, 2008 U.S. Dist. LEXIS 42825, *6 (E.D. Mich. May 30, 2008) ("Although petitioner's re-sentencing may have restarted the limitations period with respect to any challenge to his re-sentencing, it would not delay the commencement of the challenges to his underlying convictions.") (citing *Bachman*, 487 F.3d at 982-84). Petitioner's third and fourth assignments of error relate to his underlying convictions, which became final on June 9, 2006. Even allowing for the tolling that took place during the pendency of petitioner's motion for a delayed appeal, the present petition was file more than one year later. As such, the third and

---

[3] The petitioner in *Bachman* cited to the Eleventh Circuit decision in *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), which held that re-sentencing restarts the statute of limitations period for all of the claims in a habeas petition, including those that arise from the original conviction. *Id*. at 1246. The court noted, however, that this decision contradicted prior Sixth Circuit decisions and that the court was bound to follow its own prior decisions. The court also cited approvingly the Third Circuit's decision in *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), where that court observed that using the same beginning date for the statute of limitations for an entire habeas petition, regardless of the nature of the individual claims, "has the strange effect of permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier." *Id*. at 120.

fourth assignments of error are untimely, and petitioner's objection relating to these claims is **OVERRULED.**

### B. <u>Procedural Default</u>

As previously discussed, the Magistrate Judge determined that the first and second assignments of error were timely. However, he recommended that these claims be dismissed because they were procedurally defaulted. In reaching this conclusion, the Magistrate Judge rejected petitioner's suggestion that his default should be excused due to ineffective assistance of his appellate counsel.

In his second objection, petitioner takes issue with the Magistrate Judge's finding of procedural default. He claims that the Magistrate Judge contradicted himself by finding that petitioner "premised his failure to file a timely appeal on the ineffectiveness of his appellate counsel but [...] stat[ed] that Petitioner did not raise the issue as an independent claim." (Objections, p. 3.) Once again, petitioner is mistaken.

"The ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). The Magistrate Judge correctly noted that petitioner raised the issue of the ineffectiveness of his appellate counsel for the first time in his delayed appeal, which was filed seven months after entry of the appellate decision. (Report, 12.) The Magistrate Judge also correctly found that petitioner failed to raise the issue in the state court of appeals within 90 days of the appellate judgment. ((Report, p. 12.) *See State v. LaMar*, 102 Ohio St. 3d 467, 468 (2004). Because petitioner failed to raise the issue at the first

opportunity to do so in state court, it, too, is procedurally defaulted.[4] *See Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002) ("claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals"). As such, petitioner's second objection is **OVERRULED**.

## IV.

## CONCLUSION

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation (Doc. No. 10) is **ACCEPTED**, and the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**. This Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: February 18, 2009

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[4] Petitioner highlights the fact that the Magistrate Judge properly observed that his *pro se* pleadings are entitled to liberal interpretation. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). This rule does not excuse petitioner's default because *pro se* parties must "follow the same rules of procedure that govern other litigants." *Ray v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal citation omitted). *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).